**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

---

FIRST TECHNOLOGIES, INC.

        Plaintiff,

v.                                               Case No. 12-CV-167

STRATASYS, INC.

        Defendant.

---

### COMPLAINT
---

Plaintiff First Technologies, Inc., (*"FTI"*) by its attorneys, Axley Brynelson, LLP, for its complaint against Defendant Stratasys, Inc. (*"Stratasys"*), states as follows:

#### NATURE OF THE ACTION

1. Defendant Stratasys has violated the Wisconsin Fair Dealership Law by providing notice of its intent to terminate FTI's dealership agreement without "good cause", and by failing to provide an adequate notice and right to cure.

2. FTI is seeking a permanent injunction prohibiting Stratasys from terminating FTI's dealership, and is seeking an award of damages, interest and actual attorneys' fees incurred as a result of Stratasys' violations and threatened violations of the Wisconsin Fair Dealership Law.

#### PARTIES

3. FTI is a CITIZEN OF THE State of Wisconsin because it is incorporated in Wisconsin with its principal place of business at 560 Bay View Road, Suite A, Mukwonago, Wisconsin 53149.

4. Stratasys is a citizen of Delaware and Minnesota because it is a Delaware corporation with its principal place of business at 7665 Commerce Way, Eden Prairie, MN 55344.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332(a)(1), this court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

6. Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the United States District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS AND CAUSE OF ACTION

7. In or about 2003, the parties entered into a "dealership" as that term is defined in Wis. Stat. § 135.02(3).

8. Stratasys was the *"grantor"* and FTI the *"dealer"* of the dealership as those terms are defined in Wis. Stat. § 135.02(5) and (2).

9. FTI purchases a number of products such as 3D printers and related supplies from Stratasys for resale pursuant to the dealership.

10. The dealership was amended and renewed on several occasions after 2003.

11. On February 10, 2012, FTI received from Stratasys a letter, a copy of which is attached as Exhibit A.

12. The actions threatened by Stratasys in the letter will constitute termination and cancellation of the parties' dealership without "good cause" as that term is defined in Wis. Stat. § 135.02(4) and in violation of Wis. Stat. § 135.03.

13.     Stratasys has not provided FTI with 90 days' prior written notice of termination in violation of Wis. Stat. § 135.04.

14.     Stratasys' violations and threatened violations of chapter 135 of the Wisconsin Statutes have injured and will continue to injure FTI's business, including its reputation and goodwill and have deprived and will continue to deprive FTI of profits that it would otherwise have made, all to plaintiff's damage.

WHEREFORE, plaintiff demands:

(a)     Preliminary and permanent injunctive relief against defendant's unlawful termination and cancellation of the dealership;

(b)     Judgment awarding plaintiff the actual damages it has sustained, with interest;

(c)     Judgment awarding plaintiff the actual costs of the action, including reasonable actual attorney fees; and

(d)     Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Dated this 9th day of March, 2012.

AXLEY BRYNELSON, LLP

/s/ Michael J. Modl
Michael J. Modl, State Bar No. 1011419
Brian C. Hough, State Bar No. 1025056
Attorneys for First Technologies, Inc.
2 East Mifflin Street, Suite 200
Post Office Box 1767
Madison, WI  53701-1767
Telephone: (608) 257-5661
Facsimile:  (608) 257-5444
mmodl@axley.com
bhough@axley.com

3